IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CASSANDRA KRAPFL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:23-cv-1533 |
| | § | |
| | § | |
| STEEL SENTRY, INC, | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff CASSANDRA KRAPFL ("Plaintiff") complains of STEEL SENTRY, INC. and for her cause of action would show the Court as follows:

**I.**

**INTRODUCTION**

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre- judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended.

**II.**

**PARTIES**

2. Plaintiff CASSANDRA KRAPFL is a resident of Williamson County, Texas.

3. Defendant STEEL SENTRY, INC. is an entity which may be served with process by serving its registered agent, Michael B. Henley, 33 Cypress Blvd., Suite 1300, Round Rock, Texas, 78681.

## III.

## JURISDICTION AND VENUE

4. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in accordance with that statute's provisions against sex/pregnancy discrimination. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex/pregnancy under Title VII.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially within this district and division.

## IV.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## V.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8. Ms. Krapfl was hired by Defendant as a Design Consultant on January 11, 2021. Ms. Krapfl's job was selling industrial grade cabinets to labs and schools. Ms. Krapfl was the only woman who worked in the sales department.

9. In April 2022, Ms. Krapfl disclosed to Defendant that she was pregnant. Before that, Ms. Krapfl had been told by the VP of sales that she was the second-best sales representative and the hardest worker. Ms. Krapfl didn't have any customer complaints or performance warnings. Ms. Krapfl was projected to double her sales from the previous year.

10. The environment in which Ms. Krapfl worked for Defendant was rife with gender-biased and sexually inappropriate conduct. The Vice President of Sales, Kris Califano, made sexually inappropriate comments to Ms. Krapfl. One time Ms. Krapfl was eating a banana and he made a sexual comment about it. Another time, when Ms. Krapfl was rubbing lint off her shirt, he commented, made it a big deal, and rubbed his own shirt. One of the other sales reps texted Ms. Krapfl a nude photo of a man in his bed. He also sent Ms. Krapfl a sexual conversation exchanged between him and someone he's had sex with. During Ms. Krapfl's pregnancy, people made fun of her, and said that she was waddling.

11. Ms. Krapfl's employment was terminated on June 14, 2022, when Ms. Krapfl was eight months pregnant. No legitimate reason has been offered for Ms. Krapfl's termination.

12. Following Ms. Krapfl's termination, Defendant refused to compensate Ms. Krapfl for commissions that she is still owed. Defendant's policy is that if the sales rep closes $150,000, or more, of sales in a given month then the sales rep will receive 5.5% commission on the sales amount in lieu of their base pay amount. This amount will be paid out in the following month. If the sales rep closes less than $150,000 in sales in a given month, then the sales rep will receive only their base pay for the following month.

13. Ms. Krapfl closed $243,567.00 in sales between June 1st and June 14th (her termination date) which exceeds the $150,000 threshold and should have triggered payment of 5.5% of the $243,567 (which is $13,396.19). Instead, she only received her base pay in the

month of July, a gross amount of $3,333.33 ($40,000 annual salary/12 months = $3,333.33 monthly salary), and never received the commission payment. Therefore, Ms. Krapfl is still owed $13,396.19 in commissions.

## VI.

## CAUSES OF ACTION

### Count One
### Discrimination under Title VII

14. Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) on December 2, 2022, within 300 days of her termination on June 14, 2022. Plaintiff received a notice of the right to sue from the EEOC dated September 19, 2023, which is within 90 days of the filing of this Complaint.

15. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her pregnancy in violation of the Pregnancy Discrimination Act (a part of Title VII of the Civil Rights Act of 1964, as amended).

16. Defendant is an employer within the meaning of Title VII.

17. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

18.     Title VII of the Civil Rights Act of 1964 further states that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes." 42 U.S.C. § 2000e(k).

19.     Defendant intentionally discriminated against Plaintiff because of her pregnancy and gender (female) in violation of Title VII by terminating her employment. Defendant's decisions were motivated by Plaintiff's gender and her pregnancy, and Plaintiff suffered adverse employment actions as a result. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## Count Two:
## Breach of Contract

20.     Plaintiff incorporates by reference all allegations as set forth in the preceding paragraphs.

21.     The agreement between Ms. Krapfl and Defendant for Defendant to pay Ms. Krapfl a commission based on her sales was a valid and enforceable agreement. Defendant breached the agreement by failing to timely pay all commission payments due and owing to Ms. Krapfl. The breach was material. Because of Defendant's breach, Ms. Krapfl has been damaged in the amount within the jurisdictional limits of the Court.

22.     Defendant's breach of the contract has caused Ms. Krapfl to suffer actual damages in an amount within the jurisdictional limits of the Court and for which Ms. Krapfl now sues. Ms. Krapfl's contractual damages for total commission payments past due are in the amount of $13,396.19.

## Count Three:
## Alternate Cause of Action for Quantum Meruit

23. Ms. Krapfl provided valuable services to Defendant in using her time, talent, and resources for the benefit of her employer Steel Sentry, Inc.. These services were provided for and accepted by Defendant. Defendant had reasonable notice that Ms. Krapfl expected full compensation for the services she provided. Ms. Krapfl provided services that directly triggered Defendant's obligation to pay her the commissions it promised. Ms. Krapfl's outstanding charges for commissions to Steel Sentry total $13,396.19 for the services provided to Steel Sentry. The outstanding sum of $13,396.19 for the services Ms. Krapfl provided are reasonable, customary, and usual. Defendant failed to pay Ms. Krapfl for the services she provided at Steel Sentry's specific instance and request. As a result, Ms. Krapfl has been damaged in the amount of $13,396.19 plus prejudgment interest as allowed by law.

## Count Four:
## Attorney's Fees

24. Plaintiff incorporates by reference all allegations as set forth in the preceding paragraphs.

25. Plaintiff has been required to employ legal counsel to assist in obtaining a declaration of the rights and obligations of the parties to a written contract. Plaintiff is entitled to recover her attorney's fees from Defendant pursuant to Sections 38.001 (1), (2), (8) of the Texas Civil Practice and Remedies Code. Plaintiff hereby sues Defendant Steel Sentry, Inc. for her attorneys' fees, expenses, and all other costs of Court incurred in prosecuting this action in the trial court and all appeals therefrom.

26. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964. Plaintiff seeks all reasonable and necessary attorneys' fees in

this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

27. Plaintiff requests an award for reasonable attorneys' fees stemming from Plaintiff's employment of counsel, including all fees necessary in the event of an appeal as the Court deems equitable and just.

## VII.

## DAMAGES

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

29. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

30. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## JURY DEMAND

31. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF
